UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OBERIST SAUNDERS,

      Plaintiff,

v.                                                                            CASE NO. 6:14-cv-877-Orl-31DAB

BREVARD COUNTY SHERIFF, et al.,

      Defendants.

_____

**<u>ORDER</u>**

This case is before the Court on the following matters:

1.      Plaintiff's Motion for Reconsideration (Doc. No. 17).   Plaintiff, an inmate of the Florida penal system proceeding *pro se*, filed a civil rights complaint in the Eighteenth Judicial Circuit Court for Brevard County, Florida (Doc. No. 1-6). Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441, 1443, and 1446 (Doc. No. 1).

Plaintiff alleges that the state court improperly dismissed Defendants Nunez, Tite, Mangual, Wang, and Sedaros from the instant action (Doc. No. 17 at 1).   In dismissing Defendants Nunez, Tite, Mangual, Wang, and Sedaros, the state court found Plaintiff had not followed the procedures set forth in section 766.104(1), Florida Statutes, for filing state law claims of medical negligence in the State of Florida (Doc. No. 1-4 at 39).   However, Plaintiff does not allege claims of medical negligence against these Defendants.   Instead, Plaintiff alleges Defendants were deliberately indifferent to his medical care and thus

violated his Eighth Amendment rights.   Because Plaintiff alleges Eighth Amendment claims against these Defendants, he is not required to comply with the pre-suit notice and pleading requirements contained in sections 766.104 & 766.106, Florida Statutes.   *See Hatten v. O'Drain*, No. 2:05-cv-6-FtM-34DNF, 2008 WL 59769, at * 5-7 (M.D. Fla. Mar. 4, 2008) (rejecting the defendant's argument that the plaintiff's complaint was subject to dismissal due to his failure to comply with the pre-suit notice requirements found in the Florida statutes because the plaintiff had raised an Eighth Amendment claim of deliberate indifference to medical care and not a state law claim of medical negligence).   Accordingly, Plaintiff's motion (Doc. No. 17) is **GRANTED**.   The Clerk shall reinstate Nunez, Tite, Mangual, Wang, and Sedaros as Defendants in this action.

2.      Plaintiff's Motion to Strike Motion to Dismiss (Doc. No. 16).   In support of his motion, Plaintiff alleges that Defendants' Motion to Dismiss is untimely and therefore, it should be stricken.   *Id.*

Defendants Brevard County Sheriff, Commander Susan Jeter, Corporal Wright, and Patricia Tilley were served in the state court on May 16, 2014 (Doc. Nos. 3-6).   The summonses indicate that the Defendants were required to serve an answer or defenses to the amended complaint within twenty days from the date of service.   *Id.*   Instead, Defendants removed the action to this Court (Doc. No. 1).   Removal occurred on June 5, 2014, which was within the twenty-day time period.   *Id.*   Further, pursuant to Rule 81 of the Federal Rules of Civil Procedure, a defendant who does not answer before removal must "answer or present other defenses or objections" within seven days after the notice

of removal is filed.    Fed. R. Civ. P. 81(c).    Defendants' motion to dismiss, filed on June 12, 2014, was timely filed (Doc. No. 10).    Accordingly, it is **ORDERED** that Plaintiff's motion is **DENIED**.

3.    The Court has reviewed Plaintiff's amended complaint and concludes that Plaintiff has failed to adequately set forth his claims.    Therefore, he will be required to file a second amended complaint.    As currently written, the complaint is not sufficiently pled.    For example, while Plaintiff lists his causes of action as counts one through three, he then goes on to list "Issues" which may or may not be related to the causes of action. In "Issue One," Plaintiff lists many unrelated general conditions of the jail.    It is unclear to which count these general allegations relate.    Plaintiff should be sure to label each cause of action separately and state what rights under the Constitution or laws of the United States have been violated, and he should also include the relevant facts for each cause of action under the same heading.

Furthermore, under "Issue Three" Plaintiff states Defendants acted with deliberate indifference to his mental health and medical care needs.    Plaintiff then lists numerous unrelated medical incidents.    If Plaintiff intends to allege a <u>number</u> of <u>related</u> claims, then he must set forth each claim in a separate paragraph in the same complaint. However, if the claims are <u>not</u> <u>related</u> to the same basic issue or incident, then <u>each claim must be addressed in a separate complaint</u>.    In addressing an unrelated claim in a separate complaint, Plaintiff must complete a new civil rights complaint form for the unrelated claim.    The Clerk of the Court will then assign a new case number for the

separate complaint and inform Plaintiff of the new case number.   Of course, Plaintiff should file a second amended complaint <u>in</u> <u>this</u> <u>action</u> by placing the case number in this action on a civil rights complaint form and choosing one of the claims to proceed with in this action.   Plaintiff may at any time request more civil rights complaint forms for those unrelated claims.

To amend his complaint, Plaintiff should completely fill out a new civil rights complaint form, marking it **SECOND AMENDED COMPLAINT**.   The second amended complaint must include all of Plaintiff's claims in this action; it should not refer back to the original complaint.   Plaintiff shall amend his complaint as described above within **TWENTY-ONE (21) DAYS** from the date of this Order.   The Clerk of Court is directed to **SEND** Plaintiff a standard civil rights form.   **Plaintiff is advised that the failure to fully comply with this Order will result in the dismissal of this action without further notice**.

4.   Because Plaintiff will be required to submit a second amended complaint, Defendants' Motion to dismiss (Doc. No. 10) and Plaintiff's Motion to Compel Sheriff's Office to Execute and Complete Service (Doc. No. 23) are **DENIED** without prejudice.

5.   Plaintiff shall immediately advise the Court of any change of address.   He shall entitle the paper "Notice to the Court of Change of Address" and not include any motions in it.   This notice shall contain <u>only</u> information pertaining to the address change and the effective date of such. Plaintiff must file a <u>separate</u> notice in each case that

4

he has pending before the Court.   Failure to inform the Court of an address change may result in the <u>dismissal</u> of this case, without further notice of the Court.

6.     Plaintiff should not correspond with the Court in letter form.   Plaintiff should file a pleading or motion with a title.   The title should be a brief summary of the contents of the pleading or motion.   <u>As a matter of course, the Court will not respond to Plaintiff's letters.</u>

7.     Plaintiff should not attempt to correspond directly with a district judge or magistrate judge.   They will not, as a matter of policy, respond to personal correspondence when it pertains to a pending case.   This policy is in keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties.  Accordingly, their decisions and opinions are, quite properly, only delivered in response to those legal instruments filed with the Clerk's office in accordance with governing rules of procedure.   The Court will strike and return any correspondence addressed directly to a district judge or magistrate judge.

**DONE AND ORDERED** in Orlando, Florida, this 19th day of August, 2014.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies to:
OrlP-3 8/19
Oberist Saunders
Counsel of Record