# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**OBERIST SAUNDERS,**

    **Plaintiff,**

**v.**                                                                                        Case No: 6:14-cv-877-Orl-31DAB

**SHERIFF OF BREVARD COUNTY,
SUSAN JETER, JOHN C. WRIGHT,
BRANDY CORNELIUS and PATRICIA
TILLEY,**

    **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Reconsideration (Doc. 113) filed by the Plaintiff, Oberist Saunders ("Saunders"), and the response in opposition (Doc. 119) filed by former defendants Chris Bourke, Juan Nunez, Jennifer Tite, Tammy Mangual, and Winifred Wang (collectively, the "Armor Defendants").

### I. Background

In this Section 1983 case, Saunders raises a number of Eighth Amendment claims based on the medical care he received while an inmate at the Tomoka Correctional Institution (henceforth, "Tomoka"). The Armor Defendants worked for Armor Correctional Health Services, Inc. ("Armor"), a third-party contractor that provided medical services at Tomoka.

On July 27, 2015, this Court entered an order (Doc. 112) that, among other things, granted the Armor Defendants' motion to dismiss for failure to exhaust administrative remedies. Saunders now seeks reconsideration, arguing that the dismissal was improper because the Armor Defendants had asserted that he had failed to plead exhaustion rather than failing to actually

exhaust his remedies.   Along with the motion for reconsideration, Saunders has filed an affidavit in which he asserts that he was not informed of the medical-issue grievance procedure that the Court found he failed to follow, and that he instead followed the normal jail grievance procedure. (Doc. 113-1 at 2).

Upon initial review of the instant motion, the Court found that pertinent section of the Armor Defendants' motion to dismiss could reasonably be interpreted as asserting a failure of pleading rather than a failure to exhaust.   (Doc. 120 at 2).   To insure the record was fully developed, the Court offered Saunders an opportunity to provide additional briefing regarding the exhaustion issue.[1]   (Doc. 120 at 3).   Saunders has chosen not to file an additional brief.   (Doc. 126).   Accordingly, the Court addresses the motion based on the existing record.

**II.      Legal Standards**

A.       Motions for reconsideration

The federal rules do not specifically provide for the filing of a "motion for reconsideration."   *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied,* 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).   However, it is widely recognized that Rule 59(e) encompasses motions for reconsideration.   11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice & Procedure 2d § 2810.1 (2007).   In the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy, to be employed sparingly.   *U.S. v. Bailey,* 288 F.Supp.2d 1261, 1267 (M.D.Fla. 2003).   A busy district court need not allow itself to be imposed upon by the presentation of theories *seriatim*. *Union Planters Nat. Leasing, Inc. v. Woods,* 687 F.2d 117, 121 (5th Cir. 1982).[2]   The decision to alter or

---

[1] The Court also offered the Armor Defendants the opportunity to file a reply brief to any supplemental brief filed by Saunders.   (Doc. 120 at 3).

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc), the United

amend a judgment is committed to the sound discretion of the district court.  *O'Neal v. Kennamer,* 958 F.2d 1044, 1047 (11th Cir.1992).

Generally speaking, the authorities recognize four basic grounds upon which a Rule 59(e) motion may be granted:

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based.   Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory.   Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice & Procedure 2d § 2810.1 (2007).

Parties cannot use a Rule 59(e) motion to relitigate old matters, *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005), or to raise new legal arguments which could and should have been made during the pendency of the underlying motion, *Sanderlin v. Seminole Tribe of Florida,* 243 F.3d 1282, 1292 (11th Cir. 2001).   Where a party attempts to introduce previously unsubmitted evidence in support of a motion to reconsider, the party must make some showing that the evidence previously was unavailable.  *Mays v. U.S. Postal Service,* 122 F.3d 43, 46 (11th Cir.1997) (citing, *inter alia, Engelhard Indus. v. Research Instrumental Corp.,* 324 F.2d 347, 352 (9th Cir.1963), *cert. denied,* 377 U.S. 923, 84 S.Ct. 1220, 12 L.Ed.2d 215 (1964)).   To avoid repetitive arguments on issues already considered fully by the court, rules

---

States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

governing reargument are narrowly construed and strictly applied. *St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd.,* 976 F.Supp. 198 (S.D.N.Y.1996).

### B. Exhaustion requirement

The Prison Litigation Reform Act provides that no action shall be brought with respect to prison conditions under 42 U.S.C. §1983 or other federal law by a prisoner "unless such administrative remedies as are available have been exhausted." 42 U.S.C. §1997e(a). The United States Court of Appeals for the Eleventh Circuit has held that the issue of exhaustion of remedies should be treated as a matter in abatement that may be resolved at the outset of the case. *See Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008). Resolution of the issue involves a two-step process:

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. *See Bryant,* 530 F.3d at 1373–74 (concluding that there was a genuine issue of material fact about the availability of administrative remedies before addressing the propriety of the district court acting as a factfinder to resolve the issue). . . . This process is analogous to judgment on the pleadings under Federal Rule of Civil Procedure 12(c).
>
> If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. *Bryant,* 530 F.3d at 1373–74, 1376; *cf.* [*Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990)]. The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies. *See Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); *Dixon v. United States,* 548 U.S. 1, 8, 126 S.Ct. 2437, 2443, 165 L.Ed.2d 299 (2006) (stating that, as a "general evidentiary rule," the burdens of production and persuasion are given to the same party); *Roberts v. Barreras,* 484 F.3d 1236, 1240 (10th Cir.2007) ("*Jones* does not

> spell out the proper burden of proof to use in evaluating exhaustion claims, but circuits that treated exhaustion as an affirmative defense prior to *Jones* have all put the burden of proof on defendants, to the extent that they addressed the issue."); *id.* (citing cases). Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies.

*Turner v. Burnside*, 541 F.3d 1077, 1082-83 (11th Cir. 2008). In making its factual findings, it is proper for the district court to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record. *Bryant* at 1376.

### III. Analysis

The Court finds that the criteria for reconsideration have been met here. Saunders' counsel interpreted the Armor Defendants' motion as arguing for dismissal based on a failure to plead exhaustion of remedies rather than one requiring evidence showing that Saunders had, in fact, exhausted his available remedies – and, as a result, did not provide such evidence. As noted in the Court's earlier order regarding this motion, this interpretation was incorrect, but not unreasonable. Precluding Saunders from asserting his claims against the Armor Defendants solely because of this misinterpretation would be manifestly unjust. The Court will therefore reconsider its previous determination, applying the two-step process set out in *Turner*.

In his Third Amended Complaint, Saunders asserts that he "properly exhausted his administrative remedies" before filing the action (Doc. 62 at 2) and, at various points in that document, describes numerous instances where he filed grievances with personnel at the jail regarding the health care he was receiving. Saunders repeated these assertions in his response to the Armor Defendants' motion. Accepting those assertions as true, the Court finds that the Third Amended Complaint is not subject to dismissal at the first step of this process.

To attempt to satisfy their burden of proof in regard to the second step, the Armor Defendants utilized the affidavit of Christina Wallschlager ("Wallschlager"), which accompanied the motion to dismiss.  According to Wallschlager's affidavit, Armor had its own grievance policy in place at Tomoka during the pertinent time frame for health complaints.  (Doc. 85 at 4).  The policy required inmates to submit their health care-related grievances to a member of the administrative staff, after which it would be addressed by senior health care management personnel.  (Doc. 85 at 4).  If the inmate was dissatisfied with the response, he or she could appeal to "the health services or facility administrator or designee" – in this case, Defendant Jeter or Defendant Cornelius – and then, if still dissatisfied, to a regional representative of Armor.  (Doc. 85 at 4).  Wallschlager further attested that the grievance procedure "was available to Saunders during his incarceration" and the procedure would have been explained to him "during intake health screening and health assessment process."  (Doc. 85 at 4).

Although Saunders filed numerous grievances regarding his medical treatment while at Tomoka, it is undisputed that only two of those grievances were appealed to either Defendant Jeter or Defendant Cornelius and none were appealed to a regional Armor representative.  In his affidavit, which was attached to the instant motion, Saunders asserted that the Armor grievance procedure was never explained to him, and that he followed the only grievance procedure of which he was aware – the normal jail grievance procedure.  (Doc. 113-1 at 3).  Under that procedure, as Saunders understood it, the jail commander would direct grievances to the proper person at the health authority.  (Doc. 113-1 at 3).

As noted above, Wallschlager has asserted that the grievance procedure would have been explained to Saunders during intake health screening and health assessment.  However, she does not affirmatively state that she has personal knowledge that this actually occurred, and her

- 6 -

affidavit does not provide any other basis for making such a finding. For example, the intake health screening forms attached to her affidavit demonstrate that Saunders went through that screening process several times, but there is nothing on the forms to indicate that the topic of grievances was addressed during the process.[3] Moreover, none of the responses to Saunders' grievances inform him of his right to appeal to anyone at Armor. For example, in response to one of Saunders' grievances, Defendant Cornelius wrote only that "[t]his issue has been addressed many times. Appropriate medical treatment has been provided to you." (Doc. 85 at 32). The response does not include even a general reference to the Armor grievance procedure or any notification that Saunders had the right to appeal Cornelius's decision to anyone else at Armor. Given that Saunders filed repeated grievances, his failure to seek a better result by appealing his denials makes little sense – unless he was unaware of his ability to do so.

On this record, the Court finds that Saunders was never informed of the Armor grievance procedure or his ability to appeal unresolved grievances to other representatives of Armor. As such, the Court finds that the Armor grievance procedure was not "available" to Saunders, as that term is used in 42 U.S.C. § 1997e(a), and his failure to abide by that procedure does not constitute a failure to exhaust his available administrative remedies.

Because the Court previously ruled that Saunders failed to exhaust his remedies, it did not reach the Armor Defendants' argument that he had failed to state a deliberate indifference claim against them individually. (Doc. 84 at 8-13). Upon review, the Court finds that the Third Amended Complaint contains sufficient allegations, taken as true, to satisfy both the objective and

---

[3] The forms contain only a list of health-related questions for the inmate to answer and a section for the inmate to sign granting consent to treatment. *See, e.g.*, Doc. 85 at 10-11.

subjective components of a deliberate indifference claim as to each of the five Armor Defendants. The Armor Defendants' motion will therefore be denied.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Reconsideration (Doc. 113) is **GRANTED**. And it is further

**ORDERED** that the portion of this Court's order of July 27, 2015 (Doc. 112) granting, due to failure to exhaust, the Armor Defendants' Motion to Dismiss (Doc. 84) is **VACATED**. And it is further

**ORDERED** that the Armor Defendants' Motion to Dismiss (Doc 84) is **DENIED**. The Clerk is directed to reinstate Chris Bourke, Juan Nunez, Jennifer Tite, Tammy Mangual, and Winifred Wang as Defendants in this case. And it is further

**ORDERED** that Chris Bourke, Juan Nunez, Jennifer Tite, Tammy Mangual, and Winifred Wang shall file their answers to the Third Amended Complaint on or before January 27, 2016.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 7, 2016.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party